IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JONATHON D. CARVER, B87919, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 25-cv-01803-JPG |
| ) | |
| CHRISTINE BURNS-HINES, ) | |
| BENNIE VICK, and ) | |
| CHRISTOPHER RAY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff Jonathon D. Carver, an inmate in the custody of the Illinois Department of Corrections currently incarcerated at Big Muddy River Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges that Williamson County officials violated his constitutional rights by maliciously disclosing his status as a sex offender in publicly available records and causing his unlawful confinement, harassment, and retaliation. (Doc. 1). He seeks money damages. *Id*.

The Complaint is subject to preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and dismiss portions that are legally frivolous or malicious, fail to state a claim for relief, or seek money damages from an immune defendant. *Id*. The factual allegations in a *pro se* complaint are liberally construed at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Because Plaintiff filed this lawsuit against all three defendants well beyond the 2-year statute of limitations applicable to his § 1983 claims, the Complaint shall be dismissed with prejudice as time-barred and assessed a "strike" because it is frivolous.

1

## The Complaint

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, pp. 1-10): On June 8, 2001, Plaintiff was adjudicated guilty of aggravated sexual abuse. *Id*. at 5. He explains that as a juvenile offender, his status as a sex offender could not be legally exposed to the public. Plaintiff was charged with failing to register as a sex offender a decade later, after Christine Burns-Hines maliciously entered a conviction for one count of aggravated sexual abuse of a child into the LEADS system. His status as a sex offender was made publicly available because of the entry in LEADS that was made during his adulthood in 2011. *Id*.

From 2011 through 2017, Plaintiff endured several "illegal incidents" stemming from this entry, and he filed multiple written grievances to address them during his pretrial detention at Williamson County Jail. *Id*. at 6. In September 2017, Officer Christopher Ray asked an inmate to sexually harass Plaintiff by calling him a "chomo/child molester," and this triggered the use of excessive force against him in an incident that was captured on video. *Id*. Immediately after his release in 2017, Plaintiff filed a police complaint against Officer Ray, and Plaintiff was taken back into custody a few days later. Sheriff Bennie Vick met with him and stated, "[S]on, you have to understand things like this happen." *Id*. Sheriff Vick made this comment after watching the video of the excessive force incident. Officers then showed up at Menards, where Plaintiff's stepdad worked at the time, and instructed him to "tell Jon's mom to tell Jon not to return to the area." *Id*. at 7. Fearing for their safety, Plaintiff withdrew his complaint against Officer Ray.[1] *Id*.

## Discussion

Plaintiff filed the Complaint pursuant to 42 U.S.C. § 1983, which contains no statute of limitations. The Court thus borrows the statute of limitations for personal injury actions that apply

---

[1] Plaintiff's lawsuit filed in federal court against Christopher Ray on July 31, 2019 was dismissed with prejudice at his request in late April 2020. *See Carver v. Ray, et al.*, No. 19-cv-00831-JPG (Docs. 23-25).

in the state where the alleged injuries occurred. *See Chambers v. Cross*, 788 F. App'x 1032, 1033 (7th Cir. 2019) (citing *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 913 (7th Cir. 2000)); *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998). Plaintiff's injuries occurred in Illinois, which has a 2-year statute of limitations for personal injury claims like those alleged in the Complaint. 735 ILCS § 5/13-202; *Cesal v. Moats*, 851 F.3d 714, 721-22 (7th Cir. 2017). Therefore, Plaintiff was required to bring this lawsuit within two years of his injuries.

According to the allegations, Plaintiff's injuries occurred between 2011 and 2017, so he should have filed this lawsuit in federal court years ago. Plaintiff instead filed suit more than eight years *after* the final incident. He did not sign the Complaint until September 5, 2025, *see* Doc. 1, p. 8, or mail it to the Court for filing until September 15, 2025, *see* Doc. 1, p. 9. Given this, the Court finds that Plaintiff's claims are barred by the applicable 2-year statute of limitations.

When pleading claims, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is facially plausible. *O'Gorman v. City of Chicago*, 777 F.3d 885, 888-89 (7th Cir. 2015) (citations omitted). The allegations must raise a right to relief above the speculative level. *Id*. A plaintiff can plead himself out of court with factual allegations clearly establishing that he is not entitled to relief as a matter of law. *Id*. (citing *Hollander v. Brown,* 457 F.3d 688, 691 n. 1 (7th Cir. 2006)). Although a plaintiff is not required to overcome an affirmative defense like the statute of limitations at the pleadings stage, the district court may dismiss a complaint if a plaintiff alleges facts sufficient to establish a statute of limitations defense on the face of the complaint. *Id*. (citing *Cancer Fndtn., Inc. v. Cerberus Capital Management, LP,* 559 F.3d 671, 674–75 (7th Cir. 2009)). When the existence of a valid affirmative defense "is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *See Walker v. Thompson*, 288 F.3d 1005, 1009-10

(7th Cir. 2002). Plaintiff's allegations clearly show that Plaintiff's § 1983 Complaint was filed well beyond the 2-year limitations period. Plaintiff has pleaded himself out of court. As such, his claims are time-barred and this suit is frivolous. The action shall be dismissed with prejudice and count as a "strike." *Id*.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) and entire action are **DISMISSED with prejudice** as being time-barred and frivolous. This dismissal counts as one of three "strikes" allotted under 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 1/7/2026**              **s/J. Phil Gilbert**
                                 **J. PHIL GILBERT**
                                 **United States District Judge**